## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MARYLAND

| | |
|---|---|
| **HENRY OSOWIECKI,** | **Case No. _____** |
| **Plaintiff,** | **Hon.** |
| | **COMPLAINT** |
| **v.** | |
| **THE CBE GROUP, INC.,** | |
| **Defendant.** | |

## COMPLAINT & JURY DEMAND

Plaintiff, HENRY OSOWIECKI, an individual, on behalf of himself and all others similarly situated, by and through his undersigned attorney, brings this action against Defendant and alleges:

## INTRODUCTION

1.     This class action involves the illegal placement of calls by The CBE Group, Inc. ("CBE") to hundreds if not thousands of cell phone subscribers using an automatic telephone dialing system and/or artificial or prerecorded messages. CBE used its automated dialers and systems in a predatory way to call consumers to collect accounts. In the course of these collections, CBE often wrongly contacts individuals who owe no money or never consented to receiving calls such as the plaintiff in the instant case.

2.     Plaintiff, HENRY OSOWIECKI (hereinafter, "Plaintiff" or "OSOWIECKI") brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant, THE CBE GROUP, INC., (hereinafter, "Defendant" or "CBE") in negligently and/or intentionally and

repeatedly contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy.  Plaintiff brings this action for damages on behalf of himself and all consumers or other protected persons similarly situated, against Defendant for the above referenced violations as well as for violating the Maryland Telephone Consumer Protection Act, §§ 14-3201 et seq. of the Commercial Law Article ("MDTCPA").

3.      CBE placed numerous telephone calls to Plaintiff's cell phone using an Automated Telephone Dialing System (ATDS) attempting to collect a debt allegedly owed by a person unknown to Plaintiff and with whom Plaintiff had no relation to.

4.      This case is filed on behalf of Mr. OSOWIECKI and a class of similarly situated individuals for damages to stop Defendant's practice of placing computer generated calls to non-debtors and other individuals who have not consented to being contacted in this manner.


5.      The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Serves., LLC*, 132 S. Ct. 740, 744 (2012).

6.      In enacting the TCPA, Congress intended to give consumers a choice as to how creditors, debt collectors and telemarketers may call them, and made specific findings that

> "[t]echnologies that might allow consumers to avoid receiving such calls
> are not universally available, are costly, are unlikely to be enforced, or place
> an inordinate burden on the consumer." TCPA, Pub.L. No. 102–243, § 11.

Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

7.      The TCPA gives rulemaking authority to the Federal Communications Commission (FCC) to prescribe regulations to implement the requirements of the TCPA. 47 U.S.C. § 227(b)(2).

8.      The TCPA regulates the use of automated telephone equipment, also known as Automated Telephone Dialing Systems (ATDS), autodialers or robodialers, which have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

9.      The TCPA makes it illegal to use autodialers to place calls to a cellular phone other than for an emergency purpose or with the prior express consent of the called party.

10.      In 2003, the FCC issued a Report and Order addressing, in part, autodialed and prerecorded message calls made to cellular telephone numbers. The FCC affirmed that, with two narrow exceptions, it is unlawful to make *any call* using an automatic telephone dialing system or artificial or prerecorded message to any wireless number. The exceptions, inapplicable to the instant case, include calls made for emergency purposes and with prior express consent. *In Re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C.R 14014, 14115-16 (2003).

11.     With respect to autodialed debt collection calls, in a 2008 Declaratory Ruling, the FCC clarified that autodialed and prerecorded or artificial message calls to a cellular phone number by or on behalf of a creditor are permitted only if the calls are made with the prior express consent of the called party. Prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and provided during the transaction that resulted in the debt owed.   *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 23 F.C.C.R. 559, 564-65 (2008).

12.     Although the collection industry has argued to the contrary, the TCPA prohibitions are not limited to telemarketing calls; debt-collection calls are covered. *Mims v Arrow Financial Services, LLC,* U.S. Supreme Court, 421 Fed. Appx. 920 (2012), *Brown v. Hosto & Buchan, PLLC*, 748 F.Supp.2d 847 (W.D. Tenn. 2010); *In re Rules & Regulations Implementing Telephone Consumer Protection Act of 1991, Request of ACA International for Clarification and Declaratory Ruling*, 23 F.C.C.R. 559, 561 (2008) ("ACA Declaratory Ruling"); *Brown v. Enterprise Recovery Systems, Inc*., No. 02-11-00436-CV, 2013 WL 4506582, *5 (Tex.App. Aug. 22, 2013).

13.     A predictive dialer constitutes an automatic telephone dialing system within the meaning of the TCPA.   *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* F.C.C. 07-232, 23 F.C.C. R. 559, 566 ¶ 12 & 13 (Dec. 28, 2007) released Jan. 4, 2008).  In that Ruling, the Federal Communications Commission ("FCC") for a second time rejected the position that a predictive dialer only meets the definition of an ATDS when it randomly or sequentially generates numbers. Rather, it stated "In this Declaratory Ruling, we affirm that a predictive dialer constitutes

an automatic telephone system and is subject to the TCPA's restrictions on the use of autodialers." 23 F.C.C. R. 559, 566 ¶

14.     Also included in the TCPA definition, is equipment and software which automatically dials telephone numbers stored in data bases and lists.

12.     Dead air calls are the mark of predictive dialers.  As stated by the FCC, "The record before us revealed that consumers often face "dead air" calls and repeated hang-ups resulting from the use of predictive dialers."  Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 70 Fed. Reg. 19330, 19334 (April 13, 2005).

13.     On July 10, 2015 the FCC released its written Declaratory Ruling and Order, FCC 15-72, (the "FCC Omnibus Order") in response to 21 petitions filed with the agency by various companies and trade associations seeking relief or clarification regarding the TCPA and affirmed its previous orders (2003 and 2008) holding amongst other things, that predictive dialers constituted an ATDS as defined by the TCPA.

14.     Under the MDTCPA, "A person may not violate. . . The Telephone Consumer Protection Act, 47 U.S.C. § 227, as implemented by the Federal Communications Commission in the Restrictions on Telemarketing and Telephone Solicitations Rule (47 C.F.R. Part 64, Subpart L)" § 14-3201 of the Commercial Law Article.

15.     For any violation of the MDTCPA, the violator is liable for "(1) Reasonable attorney fees; and (2) Damages in the amount of the greater of: (i) $500 for each violation; or (ii) Actual damages sustained as a result of the violation." Md. Code Ann., Com. Law § 14-3202(b).

16.     Plaintiff brings this lawsuit as a result of CBE's illegal actions using an ATDS to call Plaintiff and members of the Class defined below on their cell phones without their

prior express consent within the meaning of the TCPA and the rules promulgated by the FCC.

17.    By violating the TCPA, CBE violated the MDTCPA as well.  See Md. Code Ann., Com. Law § 14-3201(2).


## JURISDICTION AND VENUE

18.    Jurisdiction of this Court arises under 47 U.S.C. § 227(b) and 28 U.S.C. §§1331 and 1337.  This Court may exercise supplemental jurisdiction over the state law claims arising out of the same nucleus of operative facts.

19.    Venue is proper in this District Court because Plaintiff resides in this judicial district, the harm to Plaintiff occurred in this judicial district, and Defendant is subject to personal jurisdiction because it conducts business within the judicial district.

## PARTIES

20.    Plaintiff OSOWIECKI is an adult natural person and a resident and citizen of the State of Maryland.

21.    Plaintiff is a "recipient" and / or "called party" under the TCPA pursuant to 47 U.S.C. § 227, and Plaintiff is the named subscriber and user to the cellular phone service of the cell phone number involved in this suit.

22.    Defendant CBE is a foreign corporation doing business in Maryland, with its principal place of business located in Cedar Falls, Iowa.

23.    CBE's Maryland registered agent is CSC-Lawyers Incorporating Service Company, 7 St. Paul Street, Suite 820, Baltimore, MD 21202.

## FACTUAL ALLEGATIONS

24.    Defendant CBE is a debt collector that specializes in collecting outstanding account balances.

25.    CBE is defined as "any person," prohibited from auto-dialing cellular phone devices pursuant to 47 U.S.C. § 227(b)(1)(iii).

### Allegations relating to Collection calls against Mr. OSOWIECKI

26.    Sometime beginning in the spring months of 2013, Defendant CBE commenced placing numerous telephone collection calls to Plaintiff's cellular telephone number, 443-397-8407, with the use of its automated telephone dialing system (hereinafter "ATDS") to collect a debt from another individual.

27.    Plaintiff does not know this individual.

28.    Plaintiff is a stranger to the debt which CBE has attempted to collect.

29.    Plaintiff is an innocent third party from whom CBE attempted to collect a debt owed by another person.

30.    Plaintiff informed CBE and it agents on numerous occasions that he was not the person whom CBE were attempting to locate and to cease calling Plaintiff's cell phone.

31.    CBE maintained Plaintiff's telephone number in its automated dialer even though it knew or should have known that his number was no longer associated with whom they were trying to locate.

32.    CBE continued its collection efforts using its automated dialer and prerecorded messages which significantly interrupted Plaintiff's personal life.

33.     CBE continued making these calls on and off during the months of May through September 2013, despite being repeatedly advised by Plaintiff to stop calling.

34.      When Plaintiff attempted to answer the incoming calls, there would be dead air and the call would disconnect and/or a robotic voice would speak or Plaintiff would hear a pre-recorded message.

35.     On many calls from CBE, there would be a clicking noise, several seconds of dead air and then the call disconnected.

36.     Based upon internet consumer complaint forums, there were many other people making similar complaints about being called by CBE from the same caller ID numbers CBE used to call Plaintiff OSOWIECKI. (See generally, www.800notes.com)

37.     Because of CBE's calls, Plaintiff listed his cell phone number with the National Do Not Call registry.

38.     CBE utilizes IVR technology for its prerecorded voice messaging communications which requests recipients to hold for a live person.

39.     CBE's harassing calls originated from telephone numbers including, but not limited to 515-954-7702 and 319-242-7357.

40.     Plaintiff was in Maryland when he received the calls on his cell phone.

41.     Plaintiff never gave CBE his cellular phone number or consent to call that number.

42.     CBE's calls interrupted Plaintiff when he was involved in her other activities.

43.     CBE's calls caused Plaintiff to lose time from his normal activities while and when answering CBE's calls and trying to determine who was calling him.

44.    During such calls, Plaintiff was deprived of the use of his cellular device to use as he pleased including but not limited to placing outgoing calls and answering incoming calls which were more important to him.

45.    Plaintiff calls used Plaintiff's cell phone plan minutes.

46.    CBE calls caused Plaintiff to become frustrated and annoyed.

47.    Plaintiff incurred out of pocket costs through his efforts to determine who was calling him and documenting said calls.

48.    Plaintiff's cellular telephone number was assigned to a . . . cellular telephone service as the phrase is used in the TCPA, 47 U.S.C. §227(b)(1)(A).

49.    The use of prerecorded and or artificial voice messages evidence that the calls from CBE to Plaintiff's cellular phone were made using an automatic telephone dialing system ("ATDS") which had the capability to store and dial telephone numbers in a random or sequential order without human intervention as defined by 47 U.S.C. § 227(a)(1) and/or used an artificial or prerecorded voice prohibited by 47 U.S.C. § 227(b)(1)(A).

50.    The delays, strange clicking noises, long periods of silence or "dead air," the IVR messaging and high rate of abandonment of calls placed by CBE and answered by plaintiff also evidence that the calls from CBE to Plaintiff's cellular phone were made using an automatic telephone dialing system ("ATDS") which had the capability to store and dial telephone numbers in a random or sequential order without human intervention as defined by 47 U.S.C. § 227(a)(1) and/or used an artificial or prerecorded voice prohibited by 47 U.S.C. § 227(b)(1)(A).

51.     CBE used an automatic telephone dialing system as defined at 47 C.F.R. 64.1200(f)(1) to make the above-described calls to Plaintiff's cellular telephones with its ATDS.

52.     CBE made repeated automated calls to Plaintiff's cell phone in violation of the TCPA's and MDTCPA's prohibitions on automated calls to cell phones.  See 47 U.S.C. 227(b).

53.     CBE used an artificial or prerecorded voice as the phrase is used in the TCPA, 47 U.S.C. §227(b)(1)(A), to communicate with Plaintiff via his cellular telephone.

54.     None of the above-described calls made by CBE to Plaintiff's cellular telephone were made for emergency purposes as the phrase is used in the TCPA, 47 U.S.C. §227(b)(1)(A).

55.     CBE did not obtain Plaintiff's prior express consent as the phrase is used in the TCPA, 47 U.S.C. §227(b)(1)(A) to make the above-described calls to Plaintiff's cellular telephone.

56.     CBE did not have an established business relationship with Plaintiff as the phrase is used in the TCPA, 47 U.S.C. §227(a)(4) when CBE made the above-described calls to Plaintiff's cellular telephone.

57.     CBE is not a tax exempt nonprofit organizations as the phrase is used in the TCPA, 47 U.S.C. §227(a)(4).

58.     Plaintiff did not provide his cellular telephone number to CBE.

59.     Plaintiff did not provide his cellular telephone number to the entity on whose behalf CBE was attempting to collect a debt.

60.     CBE used an automatic telephone dialing system as defined by 47 U.S.C. §227(a)(1) to make the above-described calls to Plaintiff's cellular telephone, without Plaintiff's prior express consent and for a non-emergency purpose, in violation of the TCPA, 47 U.S.C. §227(b)(1)(A)(iii) and the MDTCPA.

61.     CBE knowingly violated the TCPA and MDTCPA.

62.     CBE willfully violated the TCPA and MDTCPA.

### *Respondent Superior Liability*

63.     The acts and omissions of CBE and its agents were committed within the scope of the principal-agency relationship with CBE.

64.     The acts and omissions by CBE's agents were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by CBE in collecting consumer debts.

65.     By committing these acts and omissions against Plaintiff, CBE's agents were motivated to benefit their principal, CBE.

66.     CBE is therefore liable to Plaintiff through the Doctrine of *Respondent Superior* for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees and agents, including but not limited to violations of the TCPA and MDTCPA in CBE's attempts to collect this debt from Plaintiff.

### Class Definition and Class Issues

67.     Plaintiff brings this action on behalf of himself and a class of all other persons similarly situated, pursuant to Fed.R.Civ.P. 23.

68.     Plaintiff proposes to represent the following TCPA Classes:

a.  Autodialer Class:

"All persons residing in the territorial United States, excluding the Court and its staff, who (1) received any non-emergency telephone call from CBE (2) to the called party's cellular telephone, (3) made through the use of any automatic telephone dialing system or an artificial or prerecorded voice, (4) where CBE's records indicate at least one such call was a "wrong number" call, whether dispositioned as "wrong number" or as "do not call," or where the person owning the number called was not the person that CBE intended to call (5) without the called party giving prior express consent to be called in that manner, (6) within the four years prior to the filing of the original Complaint in this action."

b.  Prerecorded or Artificial Voice Message Class:

"All persons residing in the territorial United States, excluding the Court and its staff, who (1) subscribed to a cellular telephone to which CBE delivered, or conveyed, a prerecorded or artificial voice message in the four years preceding the filing of this action through the date of certification, and (2) whose phone numbers were collected by CBE following receipt of the account, from sources other than the target of the call."

69.     Plaintiff proposes to represent the following MDTCPA Sub-classes:

a.  Autodialer Class:

"All persons residing in the State of Maryland, excluding the Court and its staff, who (1) received any non-emergency telephone call from CBE (2) to the called party's cellular telephone, (3) made through the use of any automatic telephone dialing system or an artificial or prerecorded voice, (4) where CBE's records indicate at least one such call was a "wrong number" call, whether dispositioned as "wrong number" or as "do not call," or where the person owning the number called was not the person that CBE intended to call (5) without the called party giving prior express consent to be called in that manner, (6) within the three years prior to the filing of the original Complaint in this action."

b.  Prerecorded or Artificial Voice Message Class:

"All persons residing in the State of Maryland, excluding the Court and its staff, who (1) subscribed to a cellular telephone to which CBE delivered, or conveyed, a prerecorded or artificial voice message in the three years preceding the filing of this action through the date of certification, and (2) whose phone numbers were collected by CBE following receipt of the account, from sources other than the target of the call."

70.     Plaintiff represents and is a member of the Classes. Defendant, its employees and agents are excluded from the Classes.

71.     Based upon internet complaints to, or regarding, CBE, it appears that the proposed class includes several hundred members if not much more.

72.     The class is numerous, and contains members from all over the United States, making joinder of all plaintiffs impracticable.

73.     This complaint seeks monetary damages under Fed.R.CIv.P. 23(b)(3).

74.     The class claims present common questions of law and fact, including:

a.  Whether, within the four years prior to the filing of the original Complaint in this action, CBE made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to the Plaintiff and any Putative Class Member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

b.  Whether CBE continued to place calls to the cellular telephone numbers of Plaintiff and Putative Class members despite having information indicating that the called party was not the correct debtor in the transaction subject to collection;

c.  Whether CBE had prior express consent  to initiate calls to cellular phones of Plaintiff and the class members using an ATDS or prerecorded/artificial voice messages;

d.  Whether CBE collected numbers from skip traces or consumer reports for autodialing;

e.  Whether CBE scrubbed the telephone numbers against cell phone lists prior to inputting those numbers into lists or its auto dialer;

f.  Whether CBE's conduct was knowing and/or willful;

g.  Whether CBE is liable for damages, and the amount of such damages; and

h.  Whether CBE should be enjoined from engaging in such conduct in the future.

f.  Whether CBE's conduct was knowing and/or willful.

75.     These common questions predominate over any questions involving only individual class members.

76.     Plaintiff's claims are typical of the class he seeks to represent, and involve the same legal and remedial theories.

77.     Plaintiff will fairly and adequately protect the interest of the class.

78.     Specifically,

      a.     Plaintiff has no adverse interest to the class.

      b.     Plaintiff has retained counsel who is experienced in litigation under the TCPA and the MDTCPA.

      c.     Plaintiff has suffered similar injuries to the member of the classes he seeks to represent through this action.

      d.     Neither Plaintiff, nor his counsel, have any interests which may cause them to not vigorously pursue this action.

79.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy because:

      a.     No individual class member could be expected to hold a strong interest in individually controlling the prosecution of separate claims against Defendant because the claim amounts are likely small, and involve statutory damages under the TCPA or MDTCPA.

      b.     Management of these claims will likely present few difficulties because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

## COUNT I

**Class Claims for Damages against CBE -**
**Telephone Consumer Protection Act of 1991 and 47 C.F.R. 16.1200, et seq.**

80.     Plaintiff re-alleges and incorporates the paragraphs above as if fully set forth herein, and further states as follows.

81.     Defendant negligently violated the TCPA, 47 U.S.C. § 227 *et seq.* in relation to Plaintiff and the class members.

82.     As a result of Defendant's negligent violations of the TCPA Plaintiff, and the class members, may recover statutory damages of $500.00 for each and every call in violation of the statute. 47 U.S.C. § 227(b)(3)(B).

83.     Alternatively, Defendant has knowingly and willfully violated the TCPA in relation to Plaintiff and the class members.

84.     As a result of Defendant's willful violations of the TCPA, Plaintiff and the class members may recover treble the damages for each and every call in violation of the statute. 47 U.S.C. § 227(b)(3).

## COUNT II

### Individual Claim to Enjoin CBE from Using an ATDS and Artificial and/or Prerecorded Message System

85.     Plaintiff re-alleges and incorporates the paragraphs above as if fully set forth herein, and further states:

86.     This Court is authorized it issue injunctive relief under 47 U.S.C. § 227(b)(3).

87.     CBE routinely violates the TCPA as evidenced by the numerous individual and class action complaints against it.

88.     Based on its prior conduct, CBE will continue to use automated telephone dialing and calling systems and prerecorded and or artificial messages to violate the TCPA unless enjoined from further use of ATDS or prerecorded messaging systems.

89.     Upon information and belief CBE will claim that it has no record keeping mechanism in place to identify individuals for whom it lacks consent to place automated calls.

90.     Thus, it is necessary and appropriate to enjoin CBE from using the any automated

calling system until it provides this Court evidence that it has an electronically searchable

record system which provides legally sufficient evidence of the called party's consent.

## COUNT III

**Class Claims for Damages against CBE -
Maryland Telephone Consumer Protection Act Md. Code Ann., Com. Law §§ 14-
3201 et seq.**

91.     Plaintiff re-alleges and incorporates the paragraphs above as if fully set forth herein,

and further states:

92.     As a result of Defendant's violations of the TCPA as described above, Defendant

violated the MDTCPA, § 14-3201(2).

93.     Plaintiff and the Subclass members, may recover statutory damages of $500.00 for

each and every call in violation of the statute. § 14-3202(b)(2)(i).

94.     Plaintiff and the Subclass members are also entitled to an award of attorney fees

pursuant to § 14-3202(b)(1) and costs.

## Demand for Jury Trial

Plaintiff demands trial by jury in this action.

## Claims for Relief

WHEREFORE, Plaintiff, on his own behalf and on behalf of the members of the

Classes and Subclasses, requests judgment against Defendant as follows:

A.  Certification of the proposed Classes;

B.  Appointment of Plaintiff as representative of the Classes and Subclasses;

C.  Appointment of the undersigned counsel as counsel for the Classes and
     Subclasses;

D. A declaration that Defendants and/or its affiliates, agents and/or other related entities' actions complained of herein violate the TCPA and MDTCPA.

E. An order enjoining CBE and/or its affiliates, agents and/or other related entities, as provided by law, from using any automated dialing or artificial or prerecorded messaging system in violation of the TCPA and MDTCPA.

F. An award to Plaintiff and Classes  and Subclasses of damages, as allowed by law;

G. An award to Plaintiff and Classes and Subclasses, of attorneys' fees and costs, as allowed by law and/or equity;

H. Leave to amend this Complaint to conform to the evidence presented at trial; and

I. Orders granting such other and further relief as the Court deems necessary, just, and proper.


Dated: July 19, 2017                                    Respectfully Submitted,


                                                       REX ANDERSON, PC


                                                       */s/ Rex C Anderson*
                                                       Rex C. Anderson (P47068)
                                                       **Attorney for Plaintiff**
                                                       9459 Lapeer Rd. Ste. 101
                                                       Davison MI 48423
                                                       (810) 653-3300
                                                       rex@rexandersonpc.net


                                                       */s/ Nathan Baney*
                                                       Baney Law, P.C.
                                                       Nathan Baney (MDD No. 19724)
                                                       **Attorney for Plaintiff**
                                                       2121 Eisenhower Ave Ste 200
                                                       Alexandria, Virginia 22314-4688
                                                       (571) 303-9102
                                                       nathan@baneylaw.com